# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 04-1974

_____

Deran Ford,

        Appellant,

        v.

Thomas Bartsch, Captain, individually and in his official capacity (originally sued as Thomas Barch); Nathan Tackett, Lieutenant, individually and in his official capacity (originally sued as Nathan Tacket, Sergeant); Michael Lowery, Captain, individually and in his official capacity (originally sued as Mike Laurie); David Ebinger, Captain, individually and in his official capacity (originally sued as David Evenger); City of Little Rock; Stuart Thomas, Assistant Chief of Police, individually and in his official capacity; Bruce Moore, Assistant City Manager, individually and in his official capacity; Don Flegal, Director of Human Resources, individually and in his official capacity; Stacey Witherall, Employee Services Manager, individually and in her official capacity; Lawrence Johnson, Chief of Police for the Little Rock Police department, individually and in his official capacity,

        Appellees.

Appeal from the United States
District Court for the
Eastern District of Arkansas.

[UNPUBLISHED]

_____

Submitted: April 7, 2005
Filed: April 14, 2005
_____

Before BYE, RILEY, and COLLOTON, Circuit Judges.
_____

PER CURIAM.

Deran Ford (Ford) appeals the district court's[1] adverse grant of summary judgment in his employment discrimination action. Viewing the record in the light most favorable to Ford, see Kincaid v. City of Omaha, 378 F.3d 799, 803-04 (8th Cir. 2004) (explaining de novo standard of review), we agree with the district court that Ford's Title VII claim, which Ford omitted from his amended complaint, was untimely. As to Ford's remaining claims that properly are before us, we conclude Ford offered no evidence to rebut his employer's nondiscriminatory reason for terminating him, nor any evidence to allow an inference any employment decisions were motivated by a racially discriminatory attitude. See Whitley v. Peer Review Sys., Inc., 221 F.3d 1053, 1055 (8th Cir. 2000) (stating summary judgment is appropriate where plaintiff has failed to present evidence sufficient to create jury question as to essential element of plaintiff's claim; plaintiff's conclusory statements are insufficient to refute defendant's specific evidence); Gill v. Reorganized Sch. Dist. R-6, Festus, Mo., 32 F.3d 376, 378 (8th Cir. 1994) (stating once employer offers legitimate nondiscriminatory explanation for discharge, plaintiff must show explanation is mere pretext for discrimination; burden-shifting analysis applies equally to discriminatory discharge claims brought under Title VII and under 42 U.S.C. §§ 1981 and 1983); see also Texas Dep't of Cmty. Affairs v. Burdine, 450

_____

[1]The Honorable John Forster, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

U.S. 248, 253 (1981) (holding ultimate burden of proving intentional discrimination remains with plaintiff). Ford did not support his conclusory statement that his employer treated a similarly situated employee more favorably, see Harvey v. Anheuser-Busch, Inc., 38 F.3d 968, 972 (8th Cir. 1994), and he presented no evidence that defendants had a meeting of the minds, or in any way conspired to deny him any constitutional rights, see City of Omaha Employees Betterment Ass'n v. City of Omaha, 883 F.2d 650, 652 (8th Cir. 1989).

Accordingly, we affirm for the reasons stated by the district court. See 8th Cir. R. 47B.

_____